FILED-CLERK
U.S. DISTRICT COURT

06 JUL 25 PM 2: 53

TX EASTERN-MARSHALL

BY_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| (1) MOSAID TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> (1) MICRON TECHNOLOGY, INC., <br><br> (2) POWERCHIP SEMICONDUCTOR CORPORATION, AND <br><br> (3) PROMOS TECHNOLOGIES, <br><br> Defendants. | Case No.  **2 - 0 6 C V - 3 0 2** DF <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MOSAID Technologies, Inc. ("MOSAID"), for its Complaint against
Defendants, Micron Technology, Inc. ("Micron"), Powerchip Semiconductor Corporation,
("PSC"), and ProMOS Technologies ("ProMOS"), alleges:

### THE PARTIES

1.      Plaintiff, MOSAID, is a corporation duly organized and existing under the laws of
Ontario, Canada, having a principal place of business at 11 Hines Road, Kanata, Ontario K2K
2XI, Canada.

2.      Defendant, Micron, is a corporation duly organized and existing under the laws of
Delaware, having a principal place of business at 8000 S. Federal Way, Boise, ID 83716.

3.    Defendant, PSC, is a Taiwanese company, having a principal place of business at No. 12, Li-Hsin Rd. 1, Hsinchu Science Park, Hsinchu, Taiwan, R.O.C.

4.    Defendant, ProMOS, is a Taiwanese company, having a principal place of business at No.19, Li-Hsin Road, Hsinchu Science Park, Hsinchu, Taiwan 30078, R.O.C. ProMOS's registered agent, registered with the Texas State Secretary of State's Office, is Incorporated Services, Ltd., at 2700 Pecan Street West, Suite 427, Pflugerville, TX 78660

## JURISDICTION

5.    This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Defendants in that Micron, PSC and ProMOS (hereinafter "Defendants") have established minimum contacts with the forum. Each of the Defendants manufacture and/or assemble electronic products that are and have been used, offered for sale, sold, and purchased in Texas, including in this Judicial District. Each Defendant, directly and/or through its distribution network, places its Dynamic Random Access Memories ("DRAMs") within the stream of commerce, which stream is directed at this district. Jurisdiction over ProMOS in this matter is also proper inasmuch as ProMOS has voluntarily submitted itself to the jurisdiction of the courts of this State by registering with the Texas Secretary of State a registered agent. Therefore, the exercise of jurisdiction over said Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

7.    Each of the Defendants do business in this district, including providing electronic products that are used, offered for sale, sold, and have been purchased in Texas and in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).

2

## FACTUAL ALLEGATIONS

8      United States Patent No. 6,657,919 ("the '919 patent"), entitled *Delay Locked Loop Implementation in a Synchronous Dynamic Random Access Memory*, was duly and lawfully issued December 2, 2003. MOSAID is the current owner of all rights, title, and interest in the '919 patent. A true and correct copy of the '919 patent is attached hereto as Exhibit A.

9.      United States Patent No. 6,992,950 ("the '950 patent"), entitled *Delay Locked Loop Implementation in a Synchronous Dynamic Random Access Memory*, was duly and lawfully issued January 31, 2006. MOSAID is the current owner of all rights, title, and interest in the '950 patent. A true and correct copy of the '950 patent is attached hereto as Exhibit B.

10.      United States Patent No. 5,751,643 ("the '643 patent"), entitled *Dynamic Memory Word Line Driver Scheme*, was duly and lawfully issued May 12, 1998. MOSAID is the current owner of all rights, title, and interest in the '643 patent. A true and correct copy of the '643 patent is attached hereto as Exhibit C.

11.      United States Patent No. 5,822,253 ("the '253 patent"), entitled *Dynamic Memory Word Line Driver Scheme*, was duly and lawfully issued October 13, 1998. MOSAID is the current owner of all rights, title, and interest in the '253 patent  A true and correct copy of the '253 patent is attached hereto as Exhibit D.

12.      United States Patent No. 6,278,640 ("the '640 patent"), entitled *Dynamic Memory Word Line Driver Scheme*, was duly and lawfully issued August 21, 2001. MOSAID is the current owner of all rights, title, and interest in the '640 patent. A true and correct copy of the '640 patent is attached hereto as Exhibit E.

13.      United States Patent No. 6,603,703 ("the '703 patent"), entitled *Dynamic Memory Word Line Driver Scheme*, was duly and lawfully issued August 5, 2003. MOSAID is the current owner of all rights, title, and interest in the '703 patent. A true and correct copy of the '703 patent is attached hereto as Exhibit F.

14.      United States Patent No. 7,038,937 ("the '937 patent"), entitled *Dynamic Memory Word Line Driver Scheme*, was duly and lawfully issued May 2, 2006. MOSAID is the current

3

owner of all rights, title, and interest in the '937 patent. A true and correct copy of the '937 patent is attached hereto as Exhibit G.

15.    United States Patent No. 5,828,620 ("the '620 patent"), entitled *High Voltage Boosted World Line Supply Charge Pump and Regulator for DRAM*, was duly and lawfully issued October 27, 1998. MOSAID is the current owner of all rights, title, and interest in the '448 patent. A true and correct copy of the '448 patent is attached hereto as Exhibit H.

16.    United States Patent No. 6,980,448 ("the '448 patent"), entitled *DRAM Boosted Voltage Supply*, was duly and lawfully issued December 27, 2005. MOSAID is the current owner of all rights, title, and interest in the '448 patent. A true and correct copy of the '448 patent is attached hereto as Exhibit I.

## FIRST COUNT

### (Infringement of the '919 patent)

17    MOSAID incorporates by reference the allegations set forth in Paragraphs 1-16 of this Complaint as though fully set forth herein.

18.    Each of the defendants has infringed and is infringing the '919 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer memories having delay line circuitry that embody the inventions patented within the '919 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

19.    Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '919 patent unless enjoined by this Court.

20    Upon information and belief, Defendants' infringement of the '919 patent is willful entitling MOSAID to increased damages under 35 U.S.C.§ 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21.    Defendants' acts of infringement have caused damage to MOSAID and MOSAID

4

is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## SECOND COUNT

### (Infringement of the '950 patent)

22. MOSAID incorporates by reference the allegations set forth in Paragraphs 1-21 of this Complaint as though fully set forth herein

23. Each of the Defendants has infringed and is infringing the '950 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer memories having delay line circuitry that embody the inventions patented within the '950 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

24. Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '950 patent unless enjoined by this Court.

25. Upon information and belief, Defendants' infringement of the '950 patent is willful entitling MOSAID to increased damages under 35 U.S.C § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

26. Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## THIRD COUNT

### (Infringement of the '643 patent)

5

27.     MOSAID incorporates by reference the allegations set forth in Paragraphs 1-26 of this Complaint as though fully set forth herein.

28      Each of the Defendants has infringed and is infringing the '643 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer random access memories having circuits that provide a boosted voltage to a word line such that the products embody the inventions patented within the '643 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

29.     Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '643 patent unless enjoined by this Court.

30.     Upon information and belief, Defendants' infringement of the '643 patent is willful entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

31.     Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## FOURTH COUNT

### (Infringement of the '253 patent)

32.     MOSAID incorporates by reference the allegations set forth in Paragraphs 1-31 of this Complaint as though fully set forth herein.

33.     Each of the Defendants has infringed and is infringing the '253 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer random access memories having circuits that provide a boosted voltage to a

6

word line such that the products embody the inventions patented within the '253 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

34. Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '253 patent unless enjoined by this Court.

35. Upon information and belief, Defendants' infringement of the '253 patent is willful entitling MOSAID to increased damages under 35 U.S.C § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

36. Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## FIFTH COUNT

### (Infringement of the '640 patent)

37. MOSAID incorporates by reference the allegations set forth in Paragraphs 1-36 of this Complaint as though fully set forth herein.

38. Each of the Defendants has infringed and is infringing the '640 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer random access memories having circuits that provide a boosted voltage to a word line such that the products embody the inventions patented within the '640 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

39. Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '640 patent unless enjoined by this

Court.

40.     Upon information and belief, Defendants' infringement of the '640 patent is willful entitling MOSAID to increased damages under 35 U.S.C.§ 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

41.     Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## SIXTH COUNT

### (Infringement of the '703 patent)

42     MOSAID incorporates by reference the allegations set forth in Paragraphs 1-41 of this Complaint as though fully set forth herein.

43     Each of the Defendants has infringed and is infringing the '703 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer random access memories having circuits that provide a boosted voltage to a word line such that the products embody the inventions patented within the '703 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

44.     Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '703 patent unless enjoined by this Court.

45.     Upon information and belief, Defendants' infringement of the '703 patent is willful entitling MOSAID to increased damages under 35 U.S.C.§ 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

46.     Defendants' acts of infringement have caused damage to MOSAID and MOSAID

8

is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

### SEVENTH COUNT

### (Infringement of the '937 patent)

47.   MOSAID incorporates by reference the allegations set forth in Paragraphs 1-46 of this Complaint as though fully set forth herein.

48.   Each of the Defendants has infringed and is infringing the '937 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer random access memories having circuits that provide a boosted voltage to a word line such that the products embody the inventions patented within the '937 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

49.   Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '937 patent unless enjoined by this Court.

50.   Upon information and belief, Defendants' infringement of the '937 patent is willful entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

51.   Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

### EIGHTH COUNT

9

**(Infringement of the '620 patent)**

52. MOSAID incorporates by reference the allegations set forth in Paragraphs 1-51 of this Complaint as though fully set forth herein.

53. Each of the Defendants has infringed and is infringing the '620 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer random access memories having a voltage boosting circuit such that the products embody the inventions patented within the '620 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

54. Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '620 patent unless enjoined by this Court.

55. Upon information and belief, Defendants' infringement of the '620 patent is willful entitling MOSAID to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

56. Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**NINTH COUNT**

**(Infringement of the '448 patent)**

57. MOSAID incorporates by reference the allegations set forth in Paragraphs 1-56 of this Complaint as though fully set forth herein.

58. Each of the Defendants has infringed and is infringing the '448 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products, including computer random access memories having a voltage boosting circuit such that the

10

products embody the inventions patented within the '448 patent, and, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

59     Upon information and belief, Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '448 patent unless enjoined by this Court.

60.    Upon information and belief, Defendants' infringement of the '448 patent is willful entitling MOSAID to increased damages under 35 U.S.C.§ 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C § 285

61.    Defendants' acts of infringement have caused damage to MOSAID and MOSAID is entitled to recover from Defendants the damages sustained by MOSAID as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' acts of infringement will continue to damage MOSAID, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEMAND FOR JURY TRIAL

62    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, plaintiff demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, MOSAID prays for judgment and seeks relief against Defendants as follows:

(a)     For judgment that the '919 patent has been and/or continues to be infringed by each of the Defendants;

(b)     For judgment that the '950 patent has been and/or continues to be infringed by each of the Defendants;

(c)     For judgment that the '643 patent has been and/or continues to be infringed by each of the Defendants;

(d)     For judgment that the '253 patent has been and/or continues to be infringed by

each of the Defendants;

(e)      For judgment that the '640 patent has been and/or continues to be infringed by each of the Defendants;

(f)      For judgment that the '703 patent has been and/or continues to be infringed by each of the Defendants;

(g)      For judgment that the '937 patent has been and/or continues to be infringed by each of the Defendants;

(h)      For judgment that the '620 patent has been and/or continues to be infringed by each of the Defendants;

(i)      For judgment that the '448 patent has been and/or continues to be infringed by each of the Defendants;

(j)      For an accounting of all damages sustained by MOSAID as the result of Defendants' acts of infringement;

(k)      For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by Defendants, their officers, agents, servants, employees, subsidiaries, successors, assigns, and all other persons acting in concert or participation with any of the Defendants, including related individuals and entities, customers, representatives, dealers, distributors, and importers;

(l)      For actual damages together with prejudgment interest;

(m)      For enhanced damages pursuant to 35 U.S.C. § 284;

(n)      For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(o)      For all costs of suit; and

(p)      For such other and further relief as the Court may deem just and proper.

DATED: July 25, 2006

Respectfully submitted,

By: _____
S. Calvin Capshaw

State Bar No. 03783900
BROWN McCARROLL LLP
1127 Judson Road, Suite 220,
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-Mail: ccapshaw@mailbmc.com
Franklin Jones Jr.
State Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

Otis W. Carroll
State Bar No. 03895700
IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071
E-mail: nancy@icklaw.com

Henry Bunsow
California State Bar No. 60707
K. T. Cherian
California State Bar No. 133967
Scott Wales
California State Bar No. 179804
HOWREY, LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
E-Mail: bunsowh@howrey.com
E-Mail: cheriank@howrey.com
E-Mail: waless@howrey.com


ATTORNEYS FOR MOSAID TECHNOLOGIES, INC.

13

DM_US\8357453 v5